UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASON DAVID MAGLECIC,

    Plaintiff,

v.

COMMISSIONER of Social Security,

    Defendant.

No. 3:12-CV-01283-HA

ORDER

HAGGERTY, District Judge:

On September 25, 2011, this court found that the decision of the Commissioner regarding Jason David Maglecic must be reversed and remanded for further proceedings consistent with the Opinion and Order issued on that date and the parameters provided therein. On December 11, 2013, plaintiff's counsel filed an amended application [33] for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,279.52. Defendant Commissioner filed a Response to this application. Defendant objects to plaintiff's Second Application for Fees Pursuant to EAJA, asserting that the Commissioner's position was substantially justified.

1 - ORDER

## STANDARDS

EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Accordingly, to be eligible for attorney fees under EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances exist that make an award of attorney fees unjust. *See Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The burden of proof is on the government to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *see also Gonzalez v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (the government bears the burden of showing that its conduct was substantially justified at each stage of the proceedings); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A position is substantially justified when there is a "reasonable basis in law and fact" for advancing the position. *See Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *see also Gonzales*, 408 F.3d at 618 (holding that a position is substantially justified if there is a dispute over which reasonable minds could differ). A position can be substantially justified even though it is incorrect. *Pierce*, 487 U.S. at 566 n.2. Stated differently, the Commissioner's position is

2 - ORDER

substantially justified when it is justified to a degree that could satisfy a reasonable person that it has a reasonable basis in law and fact. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005). However, a holding that an agency decision was unsupported by substantial evidence is a strong indication that the government's position was not substantially justified. *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005). It is only the decidedly unusual case in which substantial justification is found even though the agency's decision was reversed as lacking in reasonable, substantial, and probative evidence in the record. *Id.*

Finding the Commissioner's position to be "substantially justified" normally requires an inquiry into whether the Commissioner's conduct was "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person and supported by a reasonable basis both in law and fact. *Gutierrez*, 274 F.3d at 1258 (internal quotations and citations omitted). "When the government's legal position clearly offends established precedent . . . its position cannot be said to be substantially justified." *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985). The court focuses on two questions: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

## ANALYSIS

There is no dispute that plaintiff is a prevailing party for purposes of determining eligibility for EAJA fees. Therefore, the only issue remaining is whether the Commissioner's

3 - ORDER

position was substantially justified, or whether special circumstances exist that make an award of attorney fees unjust.[1]

There are no special circumstances presented that would preclude a fee award. Therefore, as noted, the government bears the burden to prove that its position was substantially justified.

In this case, plaintiff sought judicial review of a decision by the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. The Administrative Law Judge (ALJ) found that plaintiff was not disabled as defined in the Social Security Act. Thereafter, plaintiff obtained additional information regarding his alleged disabilities including a vocational evaluation report, a psychological evaluation report, and medical records. This post-hearing evidence was submitted to the Appeals Council. The Appeals Council considered the post-hearing evidence but denied plaintiff's request for administrative review. Finding that the post-hearing evidence called into question the conclusions of the ALJ and the testimony of the vocational expert, on September 25, 2011, this court concluded that the decision of the Commissioner denying plaintiff's application for SSI and DIB must be reconsidered.

Defendant argues that the Commissioner's position was substantially justified. First, defendant accurately argues that the ALJ provided valid reasons for her decision in light of the evidence that was submitted to her. Second, defendant argues that the new psychological evaluation post-dates the ALJ's decision, and therefore, it is not probative of plaintiff's functioning during the relevant period. Consequently, defendant argues, the Commissioner was

---

[1]Defendant does not challenge the reasonableness of plaintiff's requested fee.

4 - ORDER

substantially justified in arguing that the post-hearing psychological evaluation and vocational evaluation did not call into question the ALJ's decision.

In support of this argument, defendant cites *Quesada v. Colvin*, No. 12-55546, 2013 WL 2402977 at *2 (9th Cir. June 4, 2013), which held that "additional evidence . . . submitted to the Appeals Council would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant." However, in *Quesada*, the Ninth Circuit did not specify the nature of the evidence that was submitted to the Appeals Council. It is well established that the administrative record includes evidence submitted to and considered by the Appeals Council, so long as the evidence relates to the period on or before the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). Plaintiff's post-hearing psychological evaluation found that his mental processing speed is in the second percentile and that he has "severe concentration and memory problems . . . associated with chronic alcoholism." Because plaintiff's deficient mental functioning is a result of plaintiff's chronic alcoholism, and defendant has been sober since 2010, one cannot conclude that the psychological evaluation does not relate to the period before the ALJ's decision, dated October 12, 2010.

This court finds the consideration of post-hearing evidence especially important in cases like the present, in which the administrative record contained no significant medical evaluations pertaining to the alleged disability for the relevant time period. Prior to plaintiff's post-hearing submission, only one document in the record addressed his mental functioning. This document reflects plaintiff's brief interview with a social worker upon his release from hospice. Tr. 540. It provides little insight into plaintiff's mental functioning. Therefore, the post-hearing psychological evaluation significantly calls into question the ALJ's decision.

5 - ORDER

Defendant argues that the Commissioner's position was substantially justified because the court was unable to determine whether plaintiff was disabled in light of the new evidence and remanded the case for additional proceedings. Regardless of whether this court was able to determine that plaintiff was ultimately disabled, the Commissioner failed to remand the case in light of new evidence that clearly called into question the ALJ's decision. Considering the nature of this post-hearing evidence, this decision was not substantially justified.

The court concludes that a reasonable person would not construe the Commissioner's decision not to remand the case despite plaintiff's post-hearing psychological evaluation as having a reasonable basis in law and fact. The Commissioner lacked substantial justification in this decision, and lacked substantial justification for defending the validity of the action in court. Accordingly, plaintiff's counsel is entitled to an award of fees under EAJA

///

///

///

///

///

///

///

///

///

///

///

6  - ORDER

**CONCLUSION**

For the foregoing reasons, plaintiff's Second Application for Fees Pursuant to EAJA [33] is granted in the amount of $5,279.52. That fee will be paid to plaintiff's attorney, upon verification that plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521, 2527 (2010) (EAJA awards fees to the litigant, subjecting the fee calculation "to a federal administrative offset if the litigant has outstanding federal debts"). If plaintiff has no such debt, then the check shall be made out to Sara L. Gabin, P.C., at Ms. Gabin's office at 14523 Westlake Drive, Lake Oswego, Oregon 97035.

IT IS SO ORDERED.

DATED this 21 day of February, 2014.

ANCER L. HAGGERTY
United States District Judge

7 - ORDER